**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SEAN S., | ) | |
| | ) | |
| Plaintiff, | ) | No. 23-cv-16204 |
| | ) | |
| v. | ) | Magistrate Judge Keri L. Holleb Hotaling |
| | ) | |
| LELAND DUDEK, Acting Commissioner of | ) | |
| the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Sean S.[1] appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Supplemental Security Income ("SSI"). The parties have filed cross motions for summary judgment. As detailed below, Plaintiff's motion for summary judgment [Dkt. 12] is GRANTED and the Commissioner's motion for summary judgment [Dkt. 14] is DENIED; the Court hereby remands this matter for further proceedings.

### 1.     Procedural History

On December 17, 2020, Plaintiff protectively filed a Title XVI application for SSI, alleging disability beginning January 1, 2012. [Administrative Record ("R.") 15.] The claim was denied initially and on reconsideration. [*Id*.] On April 18, 2023, after an Administrative Hearing, an Administrative Law Judge ("ALJ") issued an unfavorable decision. [R. 15-24.] The Appeals Council denied review on September 26, 2023 [R. 1-6], rendering the ALJ's September 26, 2023 decision the final decision of the Commissioner. 20 C.F.R. §404.981. On November 22, 2023, Plaintiff filed the instant action seeking review of the Commissioner's decision. [Dkt. 1.]

---

[1]     In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by his first name and the first initial of his last name(s).

**2.      The ALJ's Decision**

On April 18, 2023, the ALJ issued a written decision denying Plaintiff disability benefits.
[R. 15-26.] At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity
since December 17, 2020, the date of his SSI application. [R. 17.] At Step Two, the ALJ found Plaintiff
had the severe impairments of stroke, Chronic ischemic heart disease, and diabetes. [*Id*.] At Step
Three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that
met or medically equaled the severity of one of the listed impairments of 20 C.F.R. Part 404, Subpart
P, App'x 1. [R. 18-19.]

Before Step Four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to
perform sedentary work with the following limitations: he can never climb ladders, ropes, or scaffolds;
he can occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl; he must avoid
concentrated exposure to hazards; and he "can perform simple, routine, repetitive work tasks due to
perceived symptomology." [R. 19]. At Step Four, the ALJ determined that Plaintiff was not capable
of performing any of his past relevant work. [R. 23.] At Step Five, however, the ALJ found Plaintiff
capable of performing other jobs existing in significant numbers in the national economy. [R. 23-24.]
Specifically, the ALJ determined Plaintiff would be able to perform the vocational requirements of:
final assembly, optical (D.O.T. #713.687-018); order clerk (D.O.T. #209.567-014); and machine
tender (D.O.T. # 689.585-018). [R. 24.] Because of these determinations, the ALJ found Plaintiff not
disabled under the Act. [*Id*.]

**3.      Social Security Regulations and Standard of Review**

In Social Security appeal cases, a court's scope of review is limited to deciding whether the
final decision of the Commissioner of Social Security is based upon substantial evidence and the
proper legal criteria. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018); *Hess v. O'Malley*,
92 F.4th 671, 676 (7th Cir. 2024); *see also* 42 U.S.C. § 405(g). "This is not a high threshold; it requires

only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."
*Deborah M. v. Saul*, 994 F.3d 785, 788 (7th Cir. 2021) (cleaned up) (citing *Biestek v. Berryhill*, 587
U.S. 97, 102 (2019)). While reviewing a commissioner's decision, the Court may not "reweigh
evidence, resolve conflicts, decide questions of credibility, or substitute [our] judgment for that of the
Commissioner." *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (citation omitted).
Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build an
accurate and logical bridge" between the evidence and his/her conclusion, which is satisfied by an
"adequate[] discuss[ion of] the issues and evidence involved in the claim." *Hess*, 92 F.4th at 676;
*Dunn v. Saul*, 794 F. App'x 519, 522 (7th Cir. 2019); *see also Tremayne G. v. O'Malley,* No. 21-cv-
1541, 2024 WL 1214753, at *2 (N.D. Ill. Mar. 21, 2024) ("Even when there is adequate evidence in
the record to support the ALJ's decision, the findings will not be upheld if the ALJ does not build an
accurate and logical bridge from the evidence to the conclusion.") (signals and citation omitted).
Finally, as to this Court's obligations, "[a] district (or magistrate) judge need only supply the
parties…with enough information to follow the material reasoning underpinning a decision." *Morales
v. O'Malley*, 103 F.4th 469, 471 (7th Cir. 2024).

**4.      Discussion**

Plaintiff alleges the ALJ failed to properly account for his left upper extremity limitations. The
Court agrees, and remands on this basis.

In the instant case, the ALJ acknowledged Plaintiff had left sided residual effects from his
2018 stroke. She referenced Plaintiff's testimony that he has difficulties with his left side, including
not being able to raise his left hand over his shoulder, hold a glass with his left hand, or lift even two
pounds. [R. 20.] She also cited medical records that showed left upper extremity and left lower
extremity weakness. [R. 20-22; (similarly, *see* R. 485, 491, not cited by the ALJ).] Additionally, a
2019 CT also showed chronic lacunar infarct (essentially, a stroke) involving the right paracentral

pons [R. 495], which Plaintiff urges "is important because the right side of the brain controls the left side of the body—thus lending credence to Plaintiff's reports of left sided symptoms."[2] [Dkt. 13 at 7.]

Yet Plaintiff argues the RFC does not reasonably account for Plaintiff's difficulty with his left arm. The Court agrees. In the decision, the ALJ explains she accounted for having "residual left sided weakness" as follows:

> [Plaintiff] has reported having residual left-sided weakness with some weakness noted on the physical examination findings, which has been accounted for in his residual functional capacity with a restriction to sedentary work requiring lifting and carrying only up to ten pounds, standing/walking for only two hours in an eight hour day, and no restrictions on sitting as the claimant testified at the hearing that he does not have any problems sitting.

[R. 20-21.] As a rule, sedentary work requires "good use of the hands and fingers for repetitive hand-finger actions." Social Security Ruling ("SSR") 83-10; *see also*, SSR 83-14 (same). It is plain from the ALJ's discussion of Plaintiff's upper-left extremity issues that he does not have "good use" of this extremity (*e.g.*, Plaintiff's inability to hold a glass with his left hand). Moreover, at no point did the ALJ explain *how* this limitation to sedentary work would address Plaintiff's left arm limitations. While limiting Plaintiff to sedentary work could likely account for his left *lower* extremity issues (difficulty with standing and balance), it is unclear how it could account for either his subjective or objective *upper* extremity problems (difficulty lifting even two pounds, reaching, and grasping). *See*, *e.g.*, *Van Ngo v. Saul*, 411 F. Supp. 3d 134, 145-46 (D. Mass. 2019) (affirming ALJ decision where, in light of record evidence plaintiff had differing abilities in his right versus his left upper extremities, ALJ found

---

[2]  *See also, Brain Anatomy and How the Brain Works*, Johns Hopkins Medicine (https://www.hopkinsmedicine.org/health/conditions-and-diseases/anatomy-of-the-brain) (last accessed Feb. 26, 2025) ("The right hemisphere controls the left side of the body, and the left half controls the right side of the body."); *see also Ochoa v. Davis*, No. CV 02-7774 RSWL, 2018 WL 11452983, at *66 (C.D. Cal. Aug. 13, 2018), aff'd, 50 F.4th 865 (9th Cir. 2022) (individual had trouble "recalling information received by the right hemisphere of his brain (from the left side of his body)"); *United States v. Puerto*, 392 F. App'x 692, 703 (11th Cir. 2010) (conversely, "the left side of the brain primarily controls right-sided body function, as well as comprehension, arithmetic, executive planning, and fluency."); *United States v. Orlansky*, No. 03-20951-CR, 2006 WL 8434739, at *6 (S.D. Fla. Feb. 27, 2006) (defendant "'has significant damage to the left temporal lobe, the left frontal lobe and the left parietal lobe,' suggesting an interference of brain function in that region of the brain which 'primarily controls right-sided body function, as well as comprehension, arithmetic, executive planning, fluency.'")

sedentary work appropriate but specifically reduced occasional lifting to two pounds in plaintiff's affected arm versus the ten pounds standard under sedentary work); *Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990) (upholding ALJ decision relying on vocational expert testimony that plaintiff "would still be able to perform a *limited number of sedentary jobs that did not require bi-manual dexterity*—jobs that could be performed by someone who had no ability [or limited ability] to use a specific hand and arm.") (emphasis added). The Court agrees that limitations with just Plaintiff's left hand could be outcome determinative—making the ALJ's silence on how sedentary work specifically accommodates his left-hand limitations an error.

This error is not harmless for two reasons: (1) the vocational expert ("VE") confirmed that if Plaintiff were limited to occasional use of his left non-dominant hand, there would be no jobs in the national economy[3] [R. 49]; and (2) the ALJ adopted the VE's opinions that Plaintiff would be able to perform jobs in the national economy that require a significant amount of fingering, handling, and feeling.

As to the first point, the Commissioner bears the Step Five burden of showing that there are a significant number of jobs available the claimant is capable of performing. See 20 C.F.R. § 404.1560(c)(2); *Liskowitz v. Astrue*, 559 F.3d 736, 742-43 (7th Cir. 2009). The ALJ's opinion here, however, is devoid of suggestion as to how Plaintiff could still perform sedentary work despite his problems with his left hand, "which when considered cumulatively left the vocational expert unable to identify any jobs for [Plaintiff] to perform." [*See* R. 49]; *Steele v. Barnhart*, 290 F.3d 936, 942 (7th Cir. 2002) (remanding on this basis, among others); *see also,* n. 3. The Commissioner has failed to adequately meet (or explain away) his Step Five burden when evidence related to Plaintiff's left hand

---

3    This was a question posed to the VE by the ALJ and not by Plaintiff's counsel. The ALJ must have believed Plaintiff might have been limited to occasional use of his left hand to have posed that hypothetical to the vocational expert. Yet, the Court notes, the corresponding analysis is also absent from the ALJ's decision. *See*, *e.g.*, *Kilyam M. v. O'Malley*, No. 22-cv-3982, 2024 WL 342570, at *4 (N.D. Ill. Jan. 30, 2024) (citing *Gregory W. v. Saul*, No. 19-cv-6848, 2020 WL 4816075, at *5 (N.D. Ill. Aug. 18, 2020)).

issues are considered. *See Carmen O.-A. v. Kijakazi*, No. 20-cv-3996, 2021 WL 3709186, at *3 (N.D. Ill. Aug. 20, 2021).

As to the second point, the ALJ determined Plaintiff would be able to perform following occupations:

- Final assembl[er], optical (D.O.T. #713.687-018), 8,800 jobs nationally;
- Order clerk [food and beverage] (D.O.T. #209.567-014), 19,000 jobs nationally; and
- [Stringing] machine tender (D.O.T. # 689.585-018), 32,000 jobs nationally.

[R. 254.] Based on the DOT's description of the given positions, all three jobs found at Step Five require "frequent" reaching, handling and fingering, which it is not at all clear Plaintiff could sustain. Consequently, if Plaintiff's left-hand limitations are credited, this undermines the ALJ's conclusion that there were available jobs in the national economy Plaintiff could perform.

Thus, remand is warranted here because the ALJ has not "adequately fill[ed] the gap" in the logical bridge between Plaintiff's left-hand limitations and the corresponding RFC limitations. *Herschel F. v. O'Malley,* No. 1:22-cv-02218-SEB-MG, 2024 WL 1108529, at *3 (S.D. Ind. Mar. 13, 2024); *see also, Tremayne G.*, 2024 WL 1214753, at *2. Although this was a close call, the Court does not believe Plaintiff impermissibly asked the Court to reweigh the medical evidence related to Plaintiff's stroke-related left upper extremity limitations.

**5.   Conclusion**

For the foregoing reasons, the Court must reverse and remand for proceedings consistent with this Memorandum Opinion and Order. The Court offers no opinion as to the other alleged bases of error in the ALJ's decision as raised by Plaintiff other than those discussed herein. Plaintiff's motion for summary judgment [Dkt. 12] is GRANTED and the Commissioner's motion for summary judgment [Dkt. 14] is DENIED.

**ENTERED: March 3, 2025**

_____
Hon. Keri L. Holleb Hotaling,
United States Magistrate Judge